UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALDEN ADAMS                                           CIVIL ACTION

VERSUS                                                NO. 14-2649

DANIEL EDWARDS, SHERIFF, ET AL.                       SECTION "N"(3)

**REPORT AND RECOMMENDATION**

Plaintiff, Alden Adams, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against the Tangipahoa Parish Sheriff's Office, Sheriff Daniel Edwards, Warden Stuart Murphy, Assistant Wardens Schirra Finn and Brandon Pinion, Head Nurse Alison Thornhill, and Nurses Bruce Oliver and Blaine Griffin. In this lawsuit, plaintiff alleges that he was denied adequate medical care while incarcerated at the Tangipahoa Parish Jail. In his amended complaint, he stated his claims as follows:

> On 10-14-14 and 10-28-14, I gave Nurse Blaine Griffin sick call forms to see the doctor. On 10-16-14 and 11-8-14, I gave Nurse Bruce Oliver sick call forms to see the doctor. It's going on three months and I haven't seen a physician yet. On 10-28-14, I sent a ARP to Asst. Warden S. Finn. On 10-31-14 I sent a ARP to Asst. Warden Brandon Pinion and on 11-10-14, I sent a ARP to Warden Stuart Murphy. I haven't heard from either of them concerning this matter.[1]

To better understand the factual bases of plaintiff's claims, the Court held a <u>Spears</u> hearing on January 26, 2015. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th

---

[1]   Rec. Doc. 6, p. 5.

Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At that Spears hearing, plaintiff testified that, while he was incarcerated at the Tangipahoa Parish Jail, he experienced a sharp pain running from his neck to his right elbow which a physician diagnosed as nerve damage. He said that he had been told that he needed an MRI, but he was never taken to the doctor. Plaintiff testified that defendants Bruce Oliver and Blaine Griffin collected his sick call requests, but they never arranged for any medical care whatsoever. Plaintiff also testified that he wrote grievances to Warden Stuart Murphy and Assistant Wardens Schirra Finn and Brandon Pinion, but they never responded to those grievances. Plaintiff stated that Alison Thornhill was the jail's head nurse, but she was never there. Lastly, plaintiff explained that he sued Sheriff Daniel Edwards because he is the head of the jail.[2]

The Court also ordered production of certified copies of all of plaintiff's medical records, including all sick call requests, and all of his written complaints and/or administrative grievance records from the Tangipahoa Parish Jail. The Court also directed that copies of those same records

---

[2] At that Spears hearing, the Court also asked plaintiff about the relief he was seeking in this lawsuit. In both his original and amended complaints, the only form of relief he requested was a transfer to a facility operated by the Louisiana Department of Public Safety and Corrections. After filing this lawsuit, he was in fact transferred to such a facility. However, at the hearing, plaintiff also requested an award of monetary damages, and he indicated that he would be filing a second amended complaint requesting such damages. That second amended complaint has since been filed. Rec. Doc. 18.

be sent to plaintiff for his use in this proceeding. Those records have been produced and filed into this federal record.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

3

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[3] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the claims against the Tangipahoa Parish Sheriff's Office, Sheriff Daniel Edwards, Warden Stuart Murphy, Assistant Wardens Schirra Finn and Brandon Pinion, and Head Nurse Alison Thornhill be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[3]   The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

I.  Tangipahoa Parish Sheriff's Office

As a preliminary matter, the undersigned notes that the Clerk's Office has designated the Tangipahoa Parish Sheriff's Office as a defendant on the docket sheet; however, it is unclear from the original complaint whether plaintiff in fact intended the Sheriff's Office as a defendant.  If he did, that is improper.  A Louisiana parish sheriff's office simply is not a legal entity capable of being sued.  Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  Accordingly, any claim against the Tangipahoa Parish Sheriff's Office should be dismissed.

II.  Warden Stuart Murphy and Assistant Wardens Schirra Finn and Brandon Pinion

Plaintiff's claims against Warden Stuart Murphy and Assistant Wardens Schirra Finn and Brandon Pinion are that they failed to respond to his administrative grievances.  However, even if that is true, they cannot be held liable for that failure because an inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction.  Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D.

La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007). Therefore, the claims against Warden Stuart Murphy and Assistant Wardens Schirra Finn and Brandon Pinion should be dismissed.

### III. Sheriff Daniel Edwards and Head Nurse Alison Thornhill

Plaintiff has also sued Sheriff Daniel Edwards and Head Nurse Alison Thornhill. However, he has failed to properly state official-capacity or individual-capacity claims against either of those defendants.

As to any official-capacity claims, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against Sheriff Edwards and Head Nurse Thornhill would in reality be claims against the local governmental entity they serve. But, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas,

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against either Sheriff Edwards or Head Nurse Thornhill.

As to any individual-capacity claims, it is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff neither makes any factual allegations against Sheriff Edwards or Head Nurse Thornhill nor alleges that they were in any way personally involved in the events giving rise to his claims.[4] Further, although Sheriff Edwards is the head of the jail and Head Nurse Thornhill holds a supervisory position in the jail's medical department, they cannot be held vicariously liable for the actions of their subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also

---

[4] Plaintiff makes no allegations whatsoever against Sheriff Edwards, noting only that he is the head of the jail. Plaintiff's only allegation against Head Nurse Thornhill is that she was never at the jail; he does not allege that she was personally involved in denying him medical care.

Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

For all of these reasons, plaintiff's claims against Sheriff Daniel Edwards and Head Nurse Alison Thornhill should be dismissed.

### IV. Nurses Bruce Oliver and Blaine Griffin

Lastly, plaintiff has sued Nurses Bruce Oliver and Blaine Griffin, alleging that they collected his sick call requests but never arranged for any medical care for him. At this early point in this litigation, those claims should be allowed to proceed.

It is of course true that an inmate's right to medical care under the United States Constitution is extremely limited. Nevertheless, regardless of whether he is a pretrial detainee or a convicted prisoner, an inmate's constitutional right to medical care is violated if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). At this point in these proceedings, the Court simply has no basis on which to conclude that plaintiff's medical condition was not serious. On the contrary, plaintiff alleges that an MRI had been recommended, and the medical records from plaintiff's prior correctional facility support that allegation.

Regarding the "deliberate difference" requirement, the United States Fifth Circuit Court of Appeals has explained that an inmate can establish deliberate indifference by showing that "officials refused to treat him, *ignored his complaints*, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted; emphasis added). Here, plaintiff essentially alleges that Oliver and Griffin ignored his requests for necessary medical care.

Because plaintiff's allegations suffice to state nonfrivolous claims against Oliver and Griffin, the undersigned recommends that the claims against those two defendants be allowed to proceed pending further development.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Tangipahoa Parish Sheriff's Office, Sheriff Daniel Edwards, Warden Stuart Murphy, Assistant Wardens Schirra Finn and Brandon Pinion, and Head Nurse Alison Thornhill be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Nurses Bruce Oliver and Blaine Griffin be allowed to proceed and that this matter be remanded to the undersigned United States Magistrate Judge for further development of those claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-third day of March, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.